**Application of James D. MOTT.**

**Patent Appeal No. 77-510.**

United States Court of Customs and Patent Appeals.

June 30, 1977.

John H. Dodge, II, Charles W. Hanor, Houston, Tex. (Pravel, Wilson & Gambrell, Houston, Tex.), attorneys of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; John W. Dewhirst, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

RICH, Judge.

This appeal is from the decision of the United States Patent and Trademark Office (PTO) Board of Appeals (board) affirming the rejection of claims 28–30 of appellant's application serial No. 212,260, filed December 27, 1971, for "Drilling Tool." We reverse.[1]

*The Invention*

The invention is described as an "inside blowout preventer tool." It is used in drilling oil wells, is adapted for connection in a drill string, and has a flow passage through which drilling fluid circulates to a drill bit. Mounted in the bore is a full-opening, ball-type closure designed to automatically rotate closed when incipient well pressure conditions occur which would reverse the flow through the bore, due to down-hole pressure buildup. The details of the complete structure are complex and need not be here described. One needs only to know that the ball-type valve element in its closed position bears against a seat or seal and that it is desired, in rotating the ball to open position, that the ball not be turned against the seat while under fluid pressure because this would tend to wear out the valve in the presence of abrasive materials which occur in the drilling fluid. Appellant has devised a structure in which the fluid pressure on the ball valve is relieved by axial movement of the ball in the bore, relative to its seat, prior to its rotation, whereby wear on the ball and its seat is minimized because the pressure on opposite sides of the ball is equalized by spacing the ball from its seat before it is rotated.

The claims are set forth below and the critical element is that recited in the last clause of claim 28, which has been emphasized.

28. A ball-type valve tool apparatus for use in wells, including:

a tubular member having a bore therethrough;

a seat disposed in said bore;

---

1. For another case of this appellant on similar subject matter see *In re Mott*, 539 F.2d 1291, 190 USPQ 536 (CCPA 1976).

a ball-type valve member disposed in said bore and having an opening therethrough, said ball-type valve member rotatable to and from an open position for enabling flow of fluid through said bore and said opening and a closed position in sealing engagement with said seat for blocking flow of fluid through said bore of said tubular member;

means operably connected with said ball-type valve member for rotating said ball-type valve member to and from the open and closed positions; and

*means for spacing said ball-type valve member from said seat prior to commencing to effect rotation of said ball-type valve member to the open position to equalize the fluid pressure in said bore about said ball-type valve member.*

29. The apparatus as set forth in Claim 28, wherein:

said ball-type valve member moves from seating engagement with said seat for spacing prior to commencing to rotate open.

30. The apparatus as set forth in Claim 28, including:

means for releasably locking said bore closure means in the open position wherein said bore closure means is rendered inoperative to control flow through said bore.

*The Rejections*

The references relied on are:

Leutwyler    3,741,249    June 26, 1973
Brown        3,200,837    Aug. 17, 1965

Leutwyler is the principal reference. The examiner rejected claims 28 and 29 under 35 U.S.C § 102 as fully met or "anticipated" by this patent. Claim 30, which, as can be seen, merely adds to claim 28 means for locking the bore closure means (ball) in the *open* position, was rejected under 35 U.S.C. § 103, citing the Brown patent. In his Answer, the examiner thus summed up his rejection of claim 30:

* * * claim 30 simply adds to claim 28 a means for releasably locking the bore closure means in open position. This type of means is clearly disclosed in Brown

and to simply adapt the teaching of Brown *to Leutwyler* would be obvious to one of ordinary skill in the art. [Emphasis ours.]

Reproduced below, to facilitate further discussion, is the lower portion of Fig. 1 of Leutwyler showing in a general way the location of his ball valve mechanism in a producing well, to control the flow of fluid therefrom.

The drawing shows an automatic shutoff valve assembly V installed in a string of well production tubing T which extends downwardly through a well casing C set in a well bore W. A packer 10 is set in the casing C, forming a seal between tubing T and the casing below valve V which is adapted to remain open so long as it is supplied with suitable control fluid pressure through control fluid tubing CF extending down through the casing from a control point at the top of the well.

*The Issue*

A single central issue has been developed by the opposing contentions of appellant and the PTO. It is whether the "means"

defined in the final clause of claim 28 is found in Leutwyler, there being no dispute about the fact that the reference does disclose the other elements of the claim. The issue may be sharpened even further by appellant's concession that appellant and Leutwyler achieve the same *ultimate* result, namely, equalization of the pressure on either side of the ball before it is rotated. Appellant, however, contends that Leutwyler does it with a bypass valve mechanism whereas he does it by spacing his ball valve from its seat, hence the significance of the claim language "means for *spacing* said ball type valve member from said seat * * * *to equalize* the fluid pressure in said bore about said ball-type valve member." (Our emphasis.) The board took the opposite position on the reading of claim 28 on the reference, saying:

> As stated in * * * Leutwyler, it is evident that the fluid in the tubing T is equalized below and above the ball valve * * * and this facilitates shifting or movement of the valve * * * to the open position. This is clearly the same function as recited in the last five lines of parent claim 28 * * *. The fact the Leutwyler may utilize a means * * * different from that disclosed by appellant is not controlling since the appealed claims merely recite a "means" and such broad recitation is clearly anticipated by Leutwyler.

## OPINION

■ We cannot agree with the board that the claims "merely recite a 'means'." They recite a means plus a function which is not to be found in Leutwyler. They therefore do not read on that reference and are not anticipated thereby.

While we agree with the board that Leutwyler discloses equalization of fluid pressure in tubing T above and below the ball valve and that such equalization does facilitate movement of the ball valve to the open position, we do not agree with the board that "This is clearly the same function as recited in the last five lines of parent claim 28 * * *." The movement of the Leut-

wyler ball valve to the open position, which involves spacing that valve from a resilient seal, occurs only *after* fluid pressure has been equalized above and below the valve. Such *spacing* is not "to equalize the fluid pressure in said bore about said ball-type valve member," as called for by claim 28, because it has already been equalized. Nor do we agree with the alternative rationales put forward by the examiner and the solicitor. It misses the point to say that "the stated function of equalizing the fluid pressure defines no structure" in appellant's claims. The statement of the function of equalizing the fluid pressure is an important part of the means-plus-function limitation; it qualifies the function of spacing. Leutwyler simply does not equalize by spacing and is very specific about it, saying:

> The initial increment of such downward movement of the ball valve 46 occurs only after the bypass valve [sleeve] 67 has been opened *to equalize* the fluid [pressure] across the closed ball valve * *. [Emphasis ours.]

Absent structure which is capable of performing the functional limitation of the "means," Leutwyler does not meet the claim.

As to the argument that any differential pressure at the resilient seal in Leutwyler "will be equalized in the operation of the device," the pressure equalization addressed by the claims is that pressure which is "about said ball-type valve member" and the above-quoted statement makes it clear that such pressure in Leutwyler will have been equalized *prior to* any spacing of his ball valve.

The solicitor's argument that the Leutwyler bypass valve is responsive to the disputed claim language because it "clearly contributes to the spacing function" is not, in our view, well founded. While the equalization of pressure afforded by the opening of the bypass valve might "facilitate" spacing of the ball valve from the resilient seal, the bypass valve does not engage in the spacing function itself, which function is performed after the pressure is equalized, i. e. after the bypass valve has performed its

function. The rejection of claims 28 and 29 under 35 U.S.C. § 102 thus should not have been affirmed.

■ As to claim 30, which merely adds to claim 28 means for locking the ball in the *open* position, the rejection of that claim under § 103 depends on first finding in Leutwyler structure meeting the limitations of claim 28, as is evident from the board's statement that "it would have been obvious to incorporate a means to lock the valve means *of Leutwyler* in a closed [sic] position as taught by Brown." (Emphasis ours.)[2] While a holding of obviousness in merely adding Brown's locking means to Leutwyler's structure would be justifiable, Leutwyler's structure is not appellant's and there is no basis for the obviousness rejection. The rejection of claim 30 was error.

The decision of the board is *reversed*. *REVERSED*.

MILLER, J., concurs in the result.

2. The board evidently either misspoke or misunderstood claim 30 of which calls for locking the valve in the open, not the closed position.